UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In Re:

    Joshua Martin Charles,　　　　　　　　　　　Case No. 18-10075
    　　　　　　　　　　　　　　　　　　　　　　　Chapter 7
    　　　　　　　　　　Debtor.

APPEARANCES:

JOSHUA MARTIN CHARLES, *Pro Se*
*Debtor*
79 Reynolds Lane
Woodstock, NY 12498

HARSH NAYYAR, *Pro Se*
*Creditor*
P.O. Box 286117
New York, NY 10128

Robert E. Littlefield, Jr., United States Bankruptcy Judge

## MEMORANDUM-DECISION AND ORDER

Currently before the Court is Harsh Nayyar's ("Nayyar") Motion to Reconsider the Court's Order Denying his Motion to Dismiss and for Other Relief. The Court has jurisdiction over this core matter pursuant to 28 U.S.C. § 157(a), (b)(1), (b)(2)(A).

## PROCEDURAL HISTORY AND FACTS

On July 18, 2018, Nayyar filed a Motion to Dismiss and for Other Relief (the "Underlying Motion"). (ECF No. 45.) The Debtor opposed the Underlying Motion and the Court held a hearing on August 15, 2018, at which both Nayyar and the Debtor appeared. On August 23, 2018, the Court entered an order denying the Underlying Motion for the reasons as stated on the record. (ECF No. 69.) On September 13, 2018, Nayyar filed a Motion to Reconsider (the "Motion") the Court's order denying the Underlying Motion. The Court entered an order setting a hearing on the Motion for October 24, 2018, and requiring opposition to the

1

Motion to be filed no later than October 17, 2018. (ECF No. 77.) On October 19, 2018, the Debtor filed a submission opposing the Motion. (ECF No. 82.) The day prior to the scheduled hearing, the Court notified the parties that the matter would be taken under advisement without oral argument. On October 25, 2018 and November 2, 2018, Nayyar filed additional submissions in further support of his Motion. (ECF Nos. 83, 85.) While neither the Debtor's opposition nor Nayyar's additional submissions are procedurally proper, the Court will accept and consider all of the submissions filed in the interests of a complete record and fairness to both parties.[1]

## DISCUSSION

I.  Federal Rule of Civil Procedure 60(b)

Although not entirely clear, the Court, taking into consideration Nayyar's status as a *pro se* creditor, construes this Motion as one pursuant to Federal Rule of Civil Procedure 60(b), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9024, and will read this Motion "liberally and interpret [it] to raise the strongest argument[s] that [it] suggest[s]." *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006). "Motions under Rule 60(b) are addressed to the sound discretion of the [bankruptcy] court and are generally granted only upon a showing of exceptional circumstances." *Mendell In Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990) (citing *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). "The standard for granting Rule 60(b) motions is 'strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"

---

[1] The unique procedural posture of this motion practice is the result of dual *pro se* parties and the Court's effort to comply with the Second Circuit's directive to liberally construe *pro se* pleadings. *See Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).

*Geron v. Holding Capital Grp., Inc. (In re PBS Foods, LLC)*, 549 B.R. 586, 595 (Bankr. S.D.N.Y. 2016) (quoting *Schlafman v. State Univ. of New York, Farmingdale*, 541 Fed. Appx. 91, 92 (2d Cir. 2013)). The strict standard applies to *pro se* parties, and courts have refused to grant relief pursuant to Rule 60(b) solely on the ground that the movant is not represented by counsel. *See Fetik v. N.Y. Law Sch.*, 1999 U.S. Dist. LEXIS 9755, at *10 (S.D.N.Y. June 29, 1999); *Ovadiah v. N.Y. Ass'n for New Ams.*, 1997 U.S. Dist. LEXIS 8803, at *14 (S.D.N.Y. June 15, 1997).

      A Rule 60(b) motion is not a substitute for an appeal and does not provide an unhappy party with the ability to relitigate the merits of the underlying motion. *Berg v. Yellow Transp., Inc.*, 2007 U.S. Dist. LEXIS 33679, at *3 (N.D.N.Y. May 8, 2007); *United States v. Stonner*, 1999 U.S. Dist. LEXIS 2382, at *3–4 (N.D.N.Y. Feb. 23, 1999). Instead, in order for a court to grant Rule 60(b) relief, the Movant must establish a basis under one of the Rule's six subsections:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. Proc. 60(b).

      In the present matter, Nayyar does not specify a subsection pursuant to which he seeks relief. However, a careful review of the Motion leads to the conclusion that Nayyar primarily argues that this Court erred, as a matter of law, in denying the Underlying Motion. Thus, this

Motion may fall within Rule 60(b)(1) as a mistake of law, and, as a consequence, relief under subsection (6) is inappropriate. *See Nemaizer*, 793 F.2d at 63 (holding that subsection (b)(6) is only applicable when "the asserted grounds for relief are not recognized in clauses (1)–(5) of the Rule."); *see also Sec. Plans, Inc. v. CUNA Mut. Ins. Soc'y*, 726 F. App'x 17, 21 (2d Cir. 2018) (explaining that "subsection (b)(6) . . . is a catch-all provision for any other reason that justifies relief . . . and is reserved for extraordinary circumstances") (quotations omitted).

Additionally, Nayyar cannot seek reconsideration based on newly discovered evidence pursuant to Rule 60(b)(2). To succeed under this section, Nayyar would need to present the Court with evidence that "could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. Proc. 60(b)(2). In this case, the transcript of the Rule 2004 examination is the only evidence that Nayyar claims he did not have the benefit of until after the Court ruled on the Underlying Motion. However, Nayyar admits that he received the transcript of the Rule 2004 examination from the stenographer on June 25, 2018 – nearly four weeks before Nayyar even filed the Underlying Motion. Nayyar's decision to send all three transcripts to the Debtor a week later, coupled with the Debtor's delay returning the transcripts after the hearing on the Underlying Motion, does not render the transcript newly discovered evidence within the meaning of Rule 60(b)(2).

The Court also cannot hold that Rule 60(b)(3) applies to the Motion. "[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits." *Manney v. Intergroove Media GMBH*, 2014 U.S. Dist. LEXIS 38659, at *12–13 (E.D.N.Y. Mar. 24, 2014) (quoting *Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989)). To prevail, "a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting his case." *State St.*

*Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) (quotations omitted).  Here, Nayyar's allegations of fraud arguably form the basis of the Underlying Motion, but not the basis for this Motion to Reconsider since Nayyar does not argue that the allegedly false oaths in the bankruptcy petition and during the Rule 2004 examination prevented him from filing the Underlying Motion.  Instead, Nayyar uses the alleged false oaths to argue the Underlying Motion should have been granted in the first instance.  For these reasons, Nayyar cannot rely on Rule 60(b)(3).

With respect to subsections (b)(4) and (b)(5), both are inappropriate as the Motion does not allege the Order is void, and the Order does not have prospective application within the meaning of section (b)(5).  *See Manney*, 2014 U.S. Dist. LEXIS 38659, at *14–18. Therefore, the only prong within which the Motion may fit is Rule 60(b)(1).

II.    Federal Rule of Civil Procedure 60(b)(1) – Mistake

"Federal Rule of Civil Procedure 60(b)(1) 'affords a party relief from a material mistake that changed the outcome of the court's judgment.'" *Georgilis v. Corning Fed. Credit Union (In re Am. Made Tires Inc.)*, 2016 Bankr. LEXIS 2278, at *25 (Bankr. E.D.N.Y. June 14, 2016) (quoting *In re Carlton Concrete Corp.*, 2008 U.S. Dist. LEXIS 74430, at *16 (E.D.N.Y. Sept. 26, 2008)). "For purposes of FRCP 60(b)(1), 'mistake' encompasses situations such as where a party alleges a mistake of fact or law by the court in reaching its decision." *Georgilis*, 2016 Bankr. LEXIS 2278, at *25.  However, this Rule does "not provide a movant an additional opportunity to make arguments or attempt to win a point already carefully analyzed and justifiably disposed." *Carlton Concrete Corp.*, 2008 U.S. Dist. LEXIS 74430, at *16.

Nayyar does not specify how the Court made a mistake that changed the outcome of the Underlying Motion.  Rather, Nayyar generally cites to case law regarding the scope of Federal Rule of Bankruptcy Procedure 2004, relies on the 2004 Transcript, and argues that the Court

5

erred by denying the Underlying Motion, which sought to (1) dismiss the case on multiple grounds; (2) hold the debtor in contempt for failure to comply with the Rule 2004 order; and (3) sanction the Debtor.[2]

*Dismissal*

First, with respect to the dismissal component of the Underlying Motion, Nayyar primarily argues that the Court erred by denying dismissal for failure to comply with Federal Rule of Bankruptcy Procedure 1007(b)(7). Rule 1007 requires that a Debtor complete a course in personal financial management and file a certificate of completion of the course within sixty-days of the first scheduled meeting of creditors. While it is true that the Debtor did not file his certificate within that time frame, he did complete the course and file the certificate on August 3, 2018. (ECF No. 62.) The failure to file the certificate within the time period provides a basis for dismissal only if the Court does not subsequently grant an extension of time. Pursuant to Rule 1007(c), the Court may, as it routinely does in other cases, extend the time period to file the certificate at any time. Now, the Court extends the time to August 3, 2018, to render the certificate timely filed. This Court cannot ever recall dismissing a case in which a debtor took the required course and filed the appropriate certificate, but did not do so timely. Therefore, Nayyar has provided no basis to reconsider denying dismissal.

*Contempt*

Second, Nayyar argues that the Court should have held the Debtor in contempt for allegedly not providing Nayyar with all of the documents he requested pursuant to Federal Rule of Bankruptcy Procedure 2004. On March 16, 2018, Nayyar filed a pleading which the Court

---

[2] The Underlying Motion makes several meritless arguments, including that the case should be dismissed pursuant to Section 523(a)(19). That Section renders certain debts relating to securities fraud nondischargeable in bankruptcy and, therefore, has no relevance to this landlord-tenant dispute. After questioning by the Court, Nayyar withdrew that portion of the Underlying Motion.

liberally construed as a Motion for a 2004 Examination. In the Motion, Nayyar requests "to Examine the Debtor under oath as allowed by U.S. Code Rule 2004." (ECF No. 16.) After a hearing, the Court entered an order granting the Motion for a 2004 Examination. (ECF No. 24.) However, neither the motion nor the order granting the motion requested or required the Debtor to produce any documents.

For the Court to hold the Debtor in contempt, Nayyar must show the Debtor violated a clear and unambiguous order. *Perez v. Danbury Hosp.*, 347 F.3d 419, 423–24 (2d Cir. 2003) ("To establish contempt, 'a movant must establish that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.'") (quoting *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d. Cir. 1995)). In this regard, the Court has not entered an order directing the Debtor to produce any documents. Additionally, Nayyar claims that the Court orally directed the Debtor to produce various documents during the course of the Rule 2004 examination and oral argument on the Underlying Motion. However, the colloquies between the Court, Nayyar, and the Debtor during either the 2004 examination or the hearing on the Underlying Motion cannot form the basis of a contempt motion. The Court's statements simply summarize agreements between the parties regarding the production of documents and information, and, in any event, are not clear and unambiguous orders of the Court. *See Indep. Living Aids, Inc. v. Maxi-Aids, Inc.*, 349 F. Supp. 2d 509, 519 (E.D.N.Y. 2004) (holding that the colloquy between the Court and the parties was not sufficiently clear and unambiguous to grant motion for contempt); *Casse v. Key Bank Nat'l Ass'n (In re Casse)*, 198 F.3d 327, 333 (2d Cir. 1999) ("The bankruptcy court [is] in the best position to interpret its own

7

orders.") (quotations omitted). Therefore, the Court finds no basis to reconsider its decision denying to hold the Debtor in contempt.

*Sanctions*

Third, Nayyar asserts that the Court should have sanctioned the Debtor based on allegedly numerous false oaths in his bankruptcy petition, the meeting of creditors, the 2004 examination, other submissions in this case, and even hearings in state court from years ago. While false oaths may come with other consequences that are civil and/or criminal, Nayyar did not provide, and still has not provided, the Court with a valid legal basis for monetarily sanctioning the Debtor for any of the allegedly false statements and oaths. After filing the Underlying Motion, Nayyar commenced an adversary proceeding seeking to deny the Debtor's discharge pursuant to Section 727(a)(4)(A) based on a series of allegedly false oaths and omissions. These allegations are more properly addressed by the Court in the context of Nayyar's adversary proceeding. For all of these reasons, the Court finds no basis to reconsider denying sanctions.

Lastly, the Court has considered all of Nayyar's remaining contentions and finds them to be without merit.

**CONCLUSION**

For all of the foregoing reasons, Nayyar's Motion to Reconsider is DENIED.

It is SO ORDERED.

Dated: April 15, 2019  /s/ Robert E. Littlefield, Jr.
      Albany, New York  Robert E. Littlefield, Jr.
           United States Bankruptcy Judge